UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Valmeka Barnes,<br><br>            Plaintiff,<br><br><br>     -v.-<br><br>Financial Recovery Services, Inc.,<br><br>            Defendant(s). | C.A. No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Valmeka Barnes (hereinafter, "Plaintiff"), brings this Complaint by and through her attorneys, against Defendant Financial Recovery Services, Inc. (hereinafter "FRS"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Maryland, County of Baltimore, 10900 Huntcliff Dr. Apt 10, Owings Mills, MD 21117.

8. Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and resides at 4640 W. 77th Street, Suite 300, Edina, MN 55435 and

may be served process at The Corporation Trust Incorporated at 2405 York Road, Suite 201, Lutherville Timonium, MD 21093-2264.

9. Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to January 16, 2020, an obligation was allegedly incurred to Navient ED Credit Finance Corp.

12. The Navient ED Credit Finance Corp obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

13. The alleged Navient ED Credit Finance Corp obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. Navient ED Credit Finance Corp is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Defendant FRS, a debt collector, is collecting the alleged debt on behalf of Navient ED Credit Finance Corp.

16. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - January 16, 2020 Collection Letter*

17. On or about January 16, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt. **See July 5, 2017 Collection Letter – Attached hereto as Exhibit A.**

18. The top of the letter states a "Date of Last Payment" of 1/22/19 and a Charge-off Date of 12/27/06.

19. The body of the letter further states: "The law limits how long you can be sued on a debt. Because of the age of your debt, NAVIENT ED CREDIT FINANCE CORP cannot sue you for it and this debt cannot be reported to any credit reporting agency. FRS cannot sue you on this debt, and FRS cannot credit report this debt. We would like to work with you to resolve your account."

20. Plaintiff did not make a payment on January 22, 2019 and Defendant's letter makes a false statement by stating that there was a payment made by Plaintiff on January 22, 2019.

21. In the alternative, even if Plaintiff made a payment, such a payment would restart the statute of limitations and therefore Defendant's statement that NAVIENT ED CREDIT FINANCE CORP cannot sue the Plaintiff due to the age of the debt would be false and deceptive because the payment has revived the statute of limitations.

22. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

25. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. Defendant violated §1692e :

　　a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2) and

　　b. By making a false and misleading representation in violation of §1692e(10).

27. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

28. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Valmeka Barnes, individually and on behalf of all others similarly situated, demands judgment from Defendants FRC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Aryeh E. Stein, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 12, 2020                                   Respectfully Submitted,

                                                       **Meridian Law, LLC**

                                                       /s/ Aryeh E. Stein
                                                       **Meridian Law, LLC**
                                                       By:  Aryeh E. Stein, Bar no. 24559
                                                       600 Reisterstown Road
                                                       Suite 700
                                                       Baltimore, MD 21208
                                                       Phone: 443-326-6011
                                                       Fax: 410-653-9061